WESTERN DISTRICT OF NORTH CAROLINA
SPECIAL CONDITIONS
(SUPERVISED RELEASE AND PROBATION)

3 16 MC 221

1. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

2. The defendant shall not engage in an occupation, business, profession, or volunteer activity that would require or enable the defendant to _____ without the prior approval of the probation officer.

3. The defendant shall not communicate, or otherwise interact, with any known member of the _____ gang, without first obtaining permission of the probation officer.

4. The defendant shall not communicate, or otherwise interact, with _____, either directly or through someone else, without first obtaining the permission of the probation officer.

5. The defendant shall not enter [name of neighborhood, city, county, subdivision, park, or other geographic entity with clearly defined boundary] without first obtaining the permission of the probation officer.

6. The defendant shall not enter any [bar, tavern, etc.] without first obtaining the permission of the probation officer.

7. The defendant shall participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, and intensity).

8. The defendant shall not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and the defendant shall not enter any casino or other establishment where gambling is the primary purpose (including, but not limited to, horse race tracks, and off-track betting establishments).

9. The defendant shall complete _____ hours of community service. The probation officer will supervise the participation in the program (including, but not limited to, approving the program, agency, or location, and frequency of participation therein). The defendant shall provide written verification of the completed hours to the probation officer.

10. The defendant shall participate in any applicable educational services programs and follow the rules and regulations of such programs. Some programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve the defendant's proficiency in skills such as reading, writing, mathematics, or computer use.

11. The defendant shall participate in any applicable vocational services programs and follow the rules and regulations of such programs. Such a program may include job readiness training and skills development training.

12. The defendant shall submit to home detention, with location monitoring technology, for a period of _____ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

13. The defendant shall submit to home incarceration, with location monitoring technology, for a period of _____ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence 24 hours a day except for medical necessities and court appearances or other activities specifically approved by the Court. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

14. The defendant shall submit to curfew, with location monitoring technology, for a period of _____ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence between _____ and _____. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

15. The defendant shall submit to location monitoring technology for a period of _____ months and comply with its requirements as directed.

16. The defendant is to pay the cost of the location monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction.

17. The defendant shall submit to a Residential Reentry Center for a period of not more than _____ months, with work release, at the direction of the U.S. Probation Officer. The defendant shall abide by all rules and regulations established by the facility until released.

18. The defendant shall serve a total of _____ days of intermittent confinement. The intermittent confinement shall be served for _____ consecutive (weekends or days) at a facility determined by the U.S. Bureau of Prisons beginning on a (day) at (time) and ending on (day) no later than (time). The defendant shall follow the rules and regulations of the facility.

19. While under supervision in the Western District of North Carolina, the defendant shall participate in the DROPS Programs and, in response to detected illegal drug use shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments unless otherwise ordered by the Court: First Use – Two Days; Second Use – Five Days; Third Use – Ten Days.

20. In accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*, the defendant, upon release from imprisonment, is to be surrendered to a duly-authorized immigration official for deportation. As a condition of supervised release, if ordered deported, the defendant shall remain outside the United States unless legally authorized to reenter. If deportation should not occur or if the defendant is allowed to reenter, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons or U.S. Immigration and Customs Enforcement Agency or return to the United States. As a further condition of supervised release, the defendant shall abide by all orders and directives of the United States immigration officials.

21. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.

22. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files folders, or volumes of any media. The defendant shall, upon request, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

23. The defendant shall provide a complete record of all computer use information including, but not limited to, all passwords, internet service providers, email addresses, email accounts,

screen names (past and present) to the probation officer and shall not make any changes without the prior approval of the U.S. Probation Officer.

24. The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256) or that would compromise the defendant's treatment.

The foregoing is adopted as the standard template of language to be used in the Western District of North Carolina when these conditions, or any of them, are imposed. Any of these may be modified in any individual case by the presiding judge at the imposition of sentence or by written modification.

THIS _____ day of _____, 2016

_____
Frank D. Whitney
Chief United States District Judge

_____
Richard L. Voorhees
United States District Judge

_____
Robert J. Conrad, Jr.
United States District Judge

_____
Martin Reidinger
United States District Judge

_____
Max O. Cogburn, Jr.
United States District Judge

_____
Graham C. Mullen
Senior United States District Judge